**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KEVONE EARL,

Plaintiff,

v.

PAT HORN, et al.,

Defendants.

Case No. 1:26-cv-04054 JLT SAB (PC)

ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS, DISMISSING CERTAIN CLAIMS AND DEFENDANTS

(Doc. 12)

Kevone Earl asserts that he suffered violations of his civil rights while incarcerated at Corcoran State Prison. (*See generally* Doc. 1.) The magistrate judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff stated "two separate and distinct claims for excessive force against Defendant Maciel and Defendant Huerta." (Doc. 8 at 5; *see also id.* at 4-5.) The magistrate judge observed that these claims were unrelated and explained to Plaintiff that the claims could not proceed together in the same action. (*Id.*) The magistrate judge also found Plaintiff failed to state a cognizable claim for retaliation or for supervisor liability. (*Id.* 5-6.) The magistrate judge directed Plaintiff to file an amended complaint or notify the Court if he was willing to proceed with one excessive force claim. (*Id.* at 7.)

In response to the Screening Order, Plaintiff stated he wanted to "proceed with Defendant Marciel." (Doc. 10 at 1.) Based upon Plaintiff's willingness to proceed on the cognizable claim, the magistrate judge issued Findings and Recommendations that the "action proceed only on

Plaintiff's Eighth Amendment excessive force claim against Defendant R. Maciel" and "[a]ll other claims and Defendants stated a cognizable claim for excessive force against be dismissed from the action for failure to state a cognizable claim for relief." (Doc. 12 at 2.)

The Court served the Findings and Recommendations on Plaintiff and notified him that any objections were due within 14 days. (Doc. 12 at 2.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a de novo review of this case. Having carefully reviewed the matter—including the underlying Screening Order— the Court concludes that the findings that Plaintiff failed to state a claim for retaliation or for supervisor liability are supported by the record and proper analysis. However, the Court declines to dismiss the claim for excessive force against defendant Huerta "for failure to state a cognizable claim," based upon the allegations made in the complaint and the findings in the Screening Order. Rather, dismissal of the claim against defendant Huerta shall be without prejudice because the claim is misjoined in this action. *See Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 971 (9th Cir. 2013). Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated July 6, 2026 (Doc. 12) are **ADOPTED** in part.
2. The action **SHALL** proceed <u>only</u> on Plaintiff's claim for excessive force against R. Maciel.
3. Plaintiff's claim for excessive force against defendant Huerta is **DISMISSED without prejudice**.
4. All other claims are **DISMISSED** for failure to state a claim.

///

///

///

///

5. The Clerk of Court is directed to update the docket and terminate Huerta and Horn as defendants.

IT IS SO ORDERED.

Dated: _August 11, 2026_

UNITED STATES DISTRICT JUDGE