# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEVONE EARL,

Plaintiff,

v.

PAT HORN, et al.,

Defendants.

Case No. 1:26-cv-04054-JLT-SAB (PC)

ORDER CONSTRUING ADMINISTRATIVE MOTION AS MOTION FOR CLARIFICATION AND GRANTING MOTION

(ECF No. 27)

Pending before the Court is what is stylized as a "motion for administrative relief responsive pleading declaration" filed by Plaintiff, who is proceeding *pro se* and *in forma pauperis* in this action brought through 42 U.S.C. § 1983. (ECF No. 27.) Upon review of the motion, the Court finds that, in reality, Plaintiff is seeking clarification of the proceedings, including the Court's screening order, findings and recommendations, and the District Judge's adoption in part thereof. (ECF Nos. 12, 13.) The Court GRANTS the motion and provides the following explanation to Plaintiff.

To begin with, the Court informs Plaintiff that the term "cognizable claim" essentially means a claim that is both recognized under the law and that there are sufficient allegations in a complaint to state, or support, such a claim. For example, this case is proceeding on the cognizable claim of excessive force because excessive force is a claim recognized under the Eighth Amendment and Plaintiff's allegations have supported stating such a claim. It does not state that the claim is true, just that the Court believes the Plaintiff has established a claim under the relevant standard for pleading practice.

Next, the Court recognizes that Plaintiff believes that he brought all the relevant factual allegations regarding defendant Huerta in his complaint; in fact, the Court agreed as such in its June 5, 2026 screening order. (ECF No. 8.) Therefore, the issue was not whether Plaintiff stated a claim against Huerta but whether it was proper to bring *one* action (*i.e.*, lawsuit) with both Defendants Maciel *and* Huerta. As explained in the screening order, Plaintiff may not bring unrelated claims against unrelated parties in a single action—this issue is known as "joinder of defendants." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Mackey v. Price, No. 1:20-cv-01014-BAM (PC), 2020 WL 7319420, at *3-*4 (E.D. Cal. Dec. 11, 2020), *report and recommendation adopted*, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021). Stated differently, Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349.

The District Judge agreed that it would be improper to have one lawsuit with Marciel and Huerta based on the allegations. Indeed, in adopting the Court's findings and recommendations in part, the District Judge was careful to clarify that Huerta would be dismissed *without prejudice* because of improper joinder (ECF No. 13), meaning Plaintiff would be free to bring a separate lawsuit against Huerta.

Finally, in an abundance of caution, the Court DIRECTS the Clerk of the Court to resend this Court's June 5, 2026 screening order (ECF No. 8), which explains why his other claims (retaliation and supervisory liability) were subsequently dismissed by the District Judge for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 19, 2026**

STANLEY A. BOONE
United States Magistrate Judge